IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ARNOLD LACKEY, | ) | Case No. 5:04CV0497 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Judge Ann Aldrich |
| | ) | |
| PREFERRED RUBBER | ) | |
| COMPOUNDING CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | MEMORANDUM AND ORDER |

This is a "hybrid" employment action brought by plaintiff Arnold Lackey ("Lackey") against his former employer, Preferred Rubber Compounding Corporation ("Preferred"), and the United Steelworkers of America, AFL-CIO-CLC, Local 418-L ("the Union"), under § 301 of the Labor Management Relations Act, codified at 29 U.S.C. § 185, *et seq*. Lackey alleges that he was unjustly terminated by Preferred and that the Union failed to properly represent him in his grievance against the company. Now before the court are motions for summary judgment filed by Preferred (Docket No. 22) and by the Union (Docket No. 20). For the following reasons, the court grants both motions and enters summary judgment in favor of all defendants.

**I. Background**

Lackey was hired by a predecessor of Preferred on an unspecified (but undisputed) date in 1975. As a Preferred employee, Lackey was a member of the Union and subject to the provisions of the applicable Collective Bargaining Agreement ("CBA"). On June 26, 2002, Lackey sustained an injury on the job. He filed a worker's compensation claim, which was initially denied. After Lackey appealed

this denial to the Summit County Court of Common Pleas, Preferred agreed to a settlement, under which they admitted no liability.

On October 15, 2002, Lackey began a leave of absence for his disability, pursuant to the terms of his employment. Under the CBA, employees may take temporary disability leave for a period of up to thirty-nine weeks. By January of 2003, Lackey was cleared by a doctor to return to work, subject to certain physical restrictions. These included absolute prohibitions on climbing stairs and lifting weights in excess of 25 pounds. Lackey claims that, after receiving his clearance, he attempted to return to work at Preferred, but that his efforts were rebuffed. Preferred acknowledges that, instead of returning to work, the company encouraged Lackey to prolong his disability leave by filing for benefits under the Family and Medical Leave Act, 28 U.S.C. § 2601, *et seq.* ("FMLA").

Lackey's 39-week leave allowance expired in July of 2003. He did not return to work at Preferred, and thus began to accrue unexcused absences. On August 7, 2003, Lackey received notice that Preferred viewed said accrual as constituting a voluntary resignation. On August 12, 2003, the Union filed a grievance of this decision on Lackey's behalf. Preferred denied the grievance on August 13, 2003.

Lackey's claims against the Union stem from the Union's decision not to seek arbitration following Preferred's ruling. The Union claims that on January 13, 2004, Union Service Representative William Conner met with Preferred's Director of Manufacturing, Dennnis Kraus, to discuss the matter[1]. Following this meeting, Conner consulted with the president of the Union's local chapter, and with other

---

[1] Lackey's argument that the Union did not set up this meeting in a timely fashion under the applicable grievance procedures is immaterial. Preferred did not cite the delay as a justification for any action adverse to Lackey.

-2-

individuals familiar with the positions available at Preferred, and determined that Lackey's grievance was not meritorious. This action followed.

## II. Discussion

Under Rule 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986); *Hedrick v. W. Reserve Care Sys.*, 355 F.3d 444, 451 (6th Cir. 2004).

If the movant succeeds, the burden then shifts to the nonmoving party to demonstrate the existence of a material dispute as provided in Rule 56(e):

> [a]n adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). Parties opposing summary judgment must go beyond the pleadings and produce some type of evidentiary material in support of their position. *See Celotex,* 477 U.S. at 324.

In determining whether a genuine issue of material fact exists, this Court must view the evidence in a light most favorable to the nonmoving party. *See Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970); *Hamby v. Neel*, 368 F.3d 549, 556 (6th Cir. 2004); *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson,* 477 U.S. at 248. Determination of whether an issue is "genuine" requires consideration of

the applicable evidentiary standards. Thus, in most civil cases, the Court must decide whether the evidence is such that "reasonable jurors could find by a preponderance of the evidence that the [nonmoving party] is entitled to a verdict" or whether the evidence is "so one-sided that [the moving party] must prevail as a matter of law." *Id.* at 252. Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

"A hybrid section 301 action involves two constituent claims: breach of a collective bargaining agreement by the employer and breach of the duty of fair representation by the union. The two claims are inextricably interdependent. Unless a plaintiff demonstrates both violations, he cannot succeed against either party." *Garrison v. Cassens Transp. Co.*, 334 F.3d 528, 538 (6th Cir. 2003)(citing *Black v. Ryder/P.I.E. Nationwide, Inc.*, 15 F.3d 573, 583 (6th Cir. 1994); *DelCostello v. Teamsters*, 462 U.S. 151, 164 (1983); *Bagsby v. Lewis Bros. Inc. of Tenn.*, 820 F.2d 799, 801 (6th Cir. 1987). *See also White v. Anchor Motor Freight, Inc., et al.*, 899 F.2d 555, 559 (6th Cir. 1990).

Lackey claims that Preferred violated the applicable CBA by failing to place him on "light duty" work following his limited clearance to return. Asserting that the terms of his employment required Preferred to find him such a placement, Lackey relies on Article V, Section 3(c) of the CBA, which states in pertinent part:

> An employee who is temporarily physically unable to handle his regular job will be permitted to work on other available jobs at the rate of such job for the period of his temporary disability, not to exceed six (6) months, without losing his seniority rights to his regular job. Proof of both the disability and its temporary character may be demanded of the employee and shall be subject to negotiation between the Company and the Union.

Preferred asserts that it made the required efforts to locate an "available" job for Lackey under the terms of this section, and cites deposition testimony by Kraus that any and all suitable positions (*i.e.*, those composed of duties performable by an employee subject to Lackey's physical limitations) were occupied during the period prior to August 7, 2003. Preferred also cites Article V, Section 1(e)(4) of the CBA, which states that seniority shall be broken when an employee overstays a leave of absence, in support of its decision to terminate Lackey on August 7, 2003 .

This evidence is sufficient to carry Preferred's initial burden under Rule 56. A showing that the company endeavored to place Lackey in a suitable alternative position during the period of his disability, but that no such position existed, negates the existence of any possible issue of material fact on Lackey's claim for breach of the CBA.

In response to Preferred's motion, Lackey offers his own suggested interpretation of the CBA language. He urges the court to read the word "available" in Article V, Section 3(c) to mean any job which both met his physical restrictions and could be occupied by an employee with his level of seniority (or lower), regardless of whether the position is currently occupied. This invitation to disregard the plain meaning of "available" does not suffice to carry Lackey's burden to re-establish the existence of genuine issues of material fact. In fact, the history of Preferred's dealings with the Union demonstrates that it would have been improper, under the CBA in force, to transfer other employees in order to create an "available" position for Lackey.

Tellingly, Lackey does not offer evidence of any specific, unoccupied positions that he might have occupied following his return to work, or any examples of prior instances in which Preferred had transferred situated employees in order to created "limited duty" work for more senior employees. As Preferred observes in its motion, Lackey has not even established the "temporary" nature of his

-5-

disability, a necessary precondition to an alternative position under the CBA. In light of these failings, the court must find that no genuine issue of material fact remains on Lackey's breach of contract claim.

As noted *supra*, the failure to adequately support a claim for breach of CBA is fatal to any hybrid § 301 action. This principle holds for cases like Lackey's, in which the employee cannot possibly characterize the Union's failure to pursue a non-meritorious grievance as "arbitrary, discriminatory, or in bad faith." *Garrison*, 334 F.3d at 538 (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). Preferred has demonstrated to the court's satisfaction that it took the steps necessary to accommodate Lackey under Article V, Section 3(c). It appears the Union was likewise satisfied with the extent of Preferred's efforts, and was thus not unreasonable in declining to pursue Lackey's grievance beyond its initial stages.

### III. Conclusion

For the foregoing reasons, the court grants both motions for summary judgment (Docket Nos. 20 & 22), and enters judgment in favor of all defendants.

This order is final and appealable.

IT IS SO ORDERED.

                                             s/Ann Aldrich
                                             ANN ALDRICH
                                             UNITED STATES DISTRICT JUDGE

**Dated: March 30, 2006**